**IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| AMY DECOURSEY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE SHERWIN-WILLIAMS COMPANY )<br>)<br>)<br>Defendant. ) | Case No. 4:19-cv-00270 |

**STIPULATION TO TRANSFER VENUE**

Plaintiff, Amy Decoursey ("Plaintiff") and Defendant The Sherwin Williams ("Defendant") pursuant to 28 U.S.C. § 1404, and subject to the Court's approval, hereby submit this Stipulation to Transfer Venue of this matter to the United States District Court for the District of Kansas. In support thereof, the Parties state the following:

1. Plaintiff Amy Decoursey is a citizen and resident of the state of Kansas. (*See* Doc. #1-1 at ¶ 1).

2. Defendant The Sherwin Williams is headquartered in Ohio. (*See Doc.* 1 ¶ 13).

3. At all times relevant to the pleadings, Plaintiff worked for the Sherwin Williams store located in Kansas.

4. Plaintiff's Petition asserts various claims including, sex discrimination, disability discrimination and retaliation in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 et seq. ("MHRA"), Title VII (42 U.S.C. §§ 2000e et seq.) ("Title VII"), and the Americans with Disabilities Act (42 U.S.C. § 12111, et seq) ("ADA"). (*See* Doc. #1-1 at ¶¶ 69-155).

5. A statute for determining venue for Plaintiff's Title VII claims is Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3). 42 U.S.C. § 2000e-5(f)(3) provides that Title VII claims can be properly brought in any judicial district in which: **(1) the unlawful employment practice**

**is alleged to have been committed; (2) the relevant employment records are maintained and administered; or (3) the aggrieved individual would have worked but for the unlawful employment practice.** 42 U.S.C. § 2000e-5(f)(3) (emphasis added).

6. For Plaintiff's other claims, venue is proper in "a judicial district in which any defendant resides," or "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391.

7. The majority of the unlawful acts and practices alleged in Plaintiff's Petition were committed in Johnson County, Kansas.

8. Transfer of this matter is controlled by 28 U.S.C. section 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district…to which all parties have consented." 28 U.S.C. § 1404(a).

9. The Parties stipulate that Plaintiff could have brought this action in the United States District Court for the District of Kansas because the unlawful employment practice is alleged to have been committed in the State of Kansas and Plaintiff would have worked in Kansas but for the alleged unlawful employment practice.

10. The Parties further stipulate that pertinent witnesses and relevant employment records are located and maintained in Kansas and that transfer to the District of Kansas is in the interest of justice.

11. Defendants believe that venue is improper in the Western District of Missouri such that this action must be transferred to the District of Kansas where venue is proper. Plaintiff consents to such transfer.

**NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for all parties that, subject to the approval of the Court, this case shall be transferred to the United States District Court for the District of Kansas.

**IT IS SO STIPULATED**.

EDELMAN, LIESEN & MYERS L.L.P.

*/s/Sarah C. Liesen*
Sarah C. Liesen  MO Bar #65331
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Telephone: (816) 301- 4056
Facsimile: (816) 463-8449
sliesen@elmlawkc.com
**ATTORNEY FOR PLAINTIFF**


AND


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

 /s/Stacy Bunk
Stacy M. Bunck
4520 Main Street, Suite 400
Kansas City, MO 64111
(816) 471-1301
(816) 471-1303 (Facsimile)
stacy.bunck@ogletree.com
**ATTORNEYS FOR DEFENDANTS**