IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMY DECOURSEY ) ) Plaintiff, ) ) vs. ) ) THE SHERWIN-WILLIAMS COMPANY ) ) ) Defendant. ) _____) | Case No. 19-02198-DDC-GEB |

## **MEMORANDUM AND ORDER**

The Court now considers Defendant Sherwin-Williams Company's Motion for Leave to File Third-Party Complaint and Add A&L Flooring, LLC and Aaron Vargas as Parties and Incorporated Memorandum in Support (**ECF No. 39**). Defendant's Motion states Plaintiff does not oppose the Motion.[1] Further, the time allowed under the District's local rules for Plaintiff to file a response in opposition to the Motion has passed.[2] Thus, the Motion is ripe for decision. While unopposed motions will "ordinarily be granted without further notice,"[3] the court finds additional discussion on the present Motion necessary to ensure Fed. R. Civ. P. 14 is complied with and the Court's jurisdiction stays intact. After analysis, and for the reasons stated below, the Court **GRANTS** Defendant's Motion.

---

[1] ECF No. 39, ¶ 11.
[2] Plaintiff's response would have been due November 1, 2019. *See* D. Kan. Rule 6.1(d)(1).
[3] D. Kan. Rule 7.4(b).

1

## I. Nature of the Case

On February 24, 2019, Plaintiff filed a Petition for Damages in Missouri state court against Defendant, her previous employer of ten years.[4] Plaintiff alleges discrimination, harassment, retaliation, and hostile work environment based upon the Missouri Human Rights Act ("MHRA"),[5] Title VII,[6] and the Americans with Disabilities Act[7] ("ADA").[8] As relevant here, Plaintiff claims another employee, Aaron Gaona Vargas ("Mr. Vargas"), sexually harassed and assaulted her at work.[9] Plaintiff states when she told her supervisors about these incidents and participated in an investigation regarding the same, she was terminated.[10]

## II. Procedural Posture

On April 5, 2019, Defendant filed a Notice of Removal removing this case to the United States District Court for the Western District of Missouri.[11] In its Notice of Removal, Defendant states the action is properly removable to federal court based on federal question and diversity of citizenship jurisdiction.[12]

Regarding federal question jurisdiction, Defendant states Plaintiff's claims under Title VII and ADA arise under federal law, meaning the Court has original jurisdiction

---

[4] *See* Petition for Damages, ECF No. 1-1.
[5] Mo. Rev. Stat. § 213.010 et seq.
[6] 42 U.S.C. §§ 2000e et seq.
[7] 42 U.S.C. § 12111 et seq.
[8] *Id.* at ¶ 3.
[9] *Id.* at ¶¶ 31-55.
[10] *Id.* at ¶¶ 56-68.
[11] *See* Notice of Removal, ECF No. 1.
[12] *Id.*

over them pursuant to 28 U.S.C. § 1441(c).[13] Defendant further states the Court, per 28 U.S.C. § 1367(a), has supplemental jurisdiction over the state law claims under the MHRA because they are so related to her federal claims that they form the same case and controversy.[14] In fact, per Defendant, the allegations supporting the federal claims and the state law claims are the same.[15]

Defendant states diversity jurisdiction under 28 U.S.C. § 1332(a) exists because Plaintiff is a citizen of Kansas while Defendant is a citizen of Ohio, and the amount in controversy exceeds $75,000.00.[16]

On April 22, 2019, upon receipt of the parties' Stipulation to Transfer Venue, the United States District Court for the District of Missouri transferred the case to this Court.[17] On May 13, 2019, Defendant filed an Answer.[18] On August 6, 2019, the Court entered a Scheduling Order, setting September 13, 2019 as the deadline for the parties to amend pleadings and add parties.[19] Upon Defendant's unopposed motions, the Court extended that deadline until October 18, 2019.[20]

On October 18, 2019, Defendant filed the present Motion.[21] In the Motion, Defendant seeks leave to file a Third-Party Complaint against A&L Flooring, LLC,

---

[13] *Id.* at ¶ 8; *see also* 28 USC § 1331.
[14] *Id.* at ¶ 9.
[15] *Id.*
[16] *Id.* at ¶¶ 10-25.
[17] *See* ECF Nos. 8, 9, and 11.
[18] ECF No. 12.
[19] ECF No. 25, p. 7.
[20] ECF Nos. 31, 34.
[21] ECF No. 39.

("A&L") and Mr. Vargas, both citizens of Kansas.[22] In support, Defendant states Mr. Vargas was not its employee, but rather, he is an employee of A&L.[23] Defendant and A&L entered into a Sub-Contractor Agreement for Floor Covering Installation Services. Pursuant to that Agreement, A&L agreed to "defend, indemnify, and hold harmless Defendant against any and all claims, losses, costs, actions, damages, expenses, and all other liabilities, including but not limited to claims for injury, pertaining to performance, and any claim arising out of or resulting from the conduct of A&L, its agents, and employees."[24] Thus, because Plaintiff seeks to hold Defendant responsible for Mr. Vargas' conduct, and A&L agreed to indemnify Defendant for the actions of its employees, including Mr. Vargas, Defendant argues the filing of a Third-Party Complaint is proper and will further the interest of judicial economy.[25]

### III. Discussion

#### A. Federal Rule of Civil Procedure 14

Rule 14(a) of the Federal Rules of Civil Procedure governs when a defendant may file a third-party complaint. A defendant must obtain leave of court to file a "third-party complaint more than 14 days after serving its original answer."[26] Here, because more than 14 days have passed since Defendant served its Answer, Defendant has appropriately

---

[22] *See* ECF No. 39-2 for a copy of the proposed Third-Party Complaint, and paragraphs 2-3 thereof regarding citizenship.
[23] ECF No. 39, ¶ 6.
[24] *Id.* at ¶ 7.
[25] *Id.* at ¶ 9.
[26] Fed. R. Civ. P. 14(a)(1).

4

sought leave of Court before filing the Third-Party Complaint. Additionally, because Defendant filed the instant Motion on October 18, 2019, it was timely filed.

Whether to grant or deny leave to file a third-party complaint is a matter within the sound discretion of the Court.[27] But because the rule is intended to reduce the multiplicity of litigation, courts construe it liberally.[28] Unless the filing will prejudice another party, courts should generally allow the filing "of a proper third-party action."[29] The rule, however, does not permit indiscriminate filing of all third-party complaints—it only permits a defending party to file a third-party complaint against "a nonparty who is or may be liable to [the defending party] for all or part of the claim against [the defending party]."[30]

Defendants typically invoke Rule 14(a) in two situations: (1) where a tortfeasor is seeking contribution from a joint tortfeasor, and (2) where an insured is pursuing indemnification.[31] While the rule may be invoked in other situations, secondary or derivative liability on the part of the proposed third-party defendant is crucial and central to properly invoking Rule 14.[32] The third-party plaintiff must show this crucial requirement is met before the Court will permit filing of a third-party complaint.[33]

---

[27] *AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016).
[28] *Lansing Trade Grp., LLC v. OceanConnect, LLC*, No. 12-2090-JTM-GLR, 2013 WL 120158, at *1 (D. Kan. Jan. 9, 2013).
[29] *Id.* (quoting *Clark v. Assocs. Commercial Corp.*, 149 F.R.D. 629, 635 (D. Kan. 1993)).
[30] *Id.* (quoting Fed. R. Civ. P. 14(a)(1)).
[31] *AK Steel Corp.*, 2016 WL 6163832, at *3.
[32] *Lansing Trade Grp., LLC*, 2013 WL 120158, at *2.
[33] *Id.*

Here, the Court finds Defendant, as the Third-Party Plaintiff, has met this requirement. The primary focus of Plaintiff's Complaint against Defendant is the alleged sexual assault and harassment she suffered at the hands of Mr. Vargas while working for Defendant. In its Motion, Defendant states Mr. Vargas was actually an employee of A&L, and not Defendant. Defendant further states it has a contract with A&L wherein A&L agreed to indemnify Defendant for the actions of its employees, which would include Mr. Vargas. Also, Mr. Vargas, if responsible for the conduct alleged, could be considered a joint tortfeasor. Thus, A&L and Mr. Vargas may be liable to Defendant for all or part of Plaintiff's claims against Defendant, which fulfills the purpose of invoking Rule 14.

Additionally, Plaintiff, in not opposing Defendant's Motion, has not asserted it would be prejudiced by the filing of the Third-Party Complaint. The Court can see no prejudice either as the filing of the Third-Party Complaint will not hinder Plaintiff's ability to prosecute her claims or seek discovery from Defendant.

Finally, the case is currently in the pre-trial stages, and the trial date is set approximately a year away. Thus, adding Mr. Vargas and A&L to the litigation at this stage will not unduly delay or complicate the trial. And, adding A&L and Mr. Vargas as parties will save time and costs of replication of evidence and expedite resolution of this case.[34]

---

[34] *See, e.g., Estate of Dittemore by & Through Dittemore v. O'Reilly Auto., Inc.*, No. 08-2186-JAR, 2008 WL 11440562, at *2 (D. Kan. Oct. 3, 2008) (granting defendant's request to file a third-party complaint where efficiency would be served and the addition of the third-party defendants would not unduly delay or complicate the trial).

B.  **Jurisdiction**

Defendant removed this case to federal court based on federal question and diversity jurisdiction. However, Defendant seeks leave to join Mr. Vargas and A&L, who are citizens of Kansas. Plaintiff is also a citizen of Kansas. While Defendant did not address whether this would destroy diversity jurisdiction, this Court, based on several cases from this District, does not believe diversity jurisdiction would be destroyed by Defendant impleading a third party, pursuant to Rule 14, of the same citizenship as Plaintiff.[35]

However, even if impleading A&L and Mr. Vargas were to nullify diversity jurisdiction, the Court finds federal question jurisdiction would still exist based on the reasons provided by Defendant in its Notice of Removal, and as outlined by the Court above.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Third-Party Complaint and Add A&L Flooring, LLC and Aaron Vargas as Parties and Incorporated Memorandum in Support (**ECF No. 39**) is **GRANTED**. Defendant shall file its Third-Party Complaint within 7 days of this order. Proper service of the Third-

---

[35] *See, e.g., Bd. of Cty. Comm'rs of Cty. of Marshall v. Cont'l W. Ins. Co.*, No. 01-2183-CM, 2002 WL 73394, at *4 (D. Kan. Jan. 2, 2002) ("Several courts have found that diversity jurisdiction is not destroyed by defendant impleading a third party, pursuant to Rule 14, of the same citizenship as the plaintiff.") (internal citations omitted); *United of Omaha Life Ins. Co. v. Reed*, 649 F. Supp. 837, 840 (D. Kan. 1986) ("It is well established that a defendant's claim against a third party defendant is within the ancillary jurisdiction of the federal courts. . . . This doctrine recognizes the power of a federal court, once proper subject matter jurisdiction of the main claim has been established, to hear a claim arising out of the same transaction or occurrence asserted by the defendant against a non-diverse impleaded third party defendant. . . . In other words, in a diversity case, the defendant may properly implead a third party defendant without regard to the third party's citizenship.") (internal citations omitted).

Party Complaint and summons upon the Third-Party Defendants shall be the responsibility of Defendant.

**IT IS SO ORDERED.**

Dated November 21, 2019, at Wichita, Kansas.

s/Gwynne E. Birzer  
GWYNNE E. BIRZER  
U.S. Magistrate Judge